SCHOTT, Judge.
Harold C. Leibe instituted these proceedings for a declaratory judgment against the owners of the premises at 3500 Veterans Memorial Highway in Metairie, Louisiana. He sought a declaration that a lease of the premises, originally entered into on November 15,1965, was in full force and effect. A separate suit was filed by the owners against Leibe for possession of the premises based upon allegations that Leibe was occupying the premises on a month to month basis and that the owners were entitled to take possession. The cases were consolidated for trial, and from a judgment dismissing Leibe’s petition for declaratory relief and ordering him to vacate the premises he has taken this appeal.
In November, 1965, the original lease of these premises was made between one Carol V. Charvet, owner, and Lakeside, O.H.M., Inc., as lessee, for a term of five years commencing April 1, 1966, for a monthly rental of $450. Charvet sold the property in May, 1969, to Mr. and Mrs. Anthony Culotta. He died in March, 1971, and the plaintiffs herein are his widow and two children.
The lease contained an option for the lessee to renew the lease for a five year period from April 1, 1971, at a monthly rental of $500, and a second option to renew for a ten year period commencing April 1, 1976, at a monthly rental of $575.
*1228 The first option was duly exercised in accordance with the terms of the lease by Lakeside O.H.M., and in January, 1973, Lakeside sold its assets to Veterans O.H.M., Inc., which began to occupy the premises. Before the end of 1974 Leibe purchased the assets of Veterans O.H.M., Inc., and in effect began to occupy the premises.
The lease contained the following provisions with respect to the exercise of the second option for the period beginning April 1, 1976:
“Should Lessee desire to exercise this option to renew it it shall notify Lessor of its intention to do so on or before December 1, 1970, said notice shall be in writing and shall be directed to Lessor by registered or certified mail at Lessor’s last known address.”
By February, 1975, it had come to the owners’ attention that the business had changed hands and they had their attorney inquire as to who was then occupying the premises. They then learned that Leibe was the new occupant. For the next two years there were extensive negotiations between the parties and their attorneys with respect to a lease of these premises between the owners and Leibe. These negotiations began when the owners threatened to evict Leibe because of the violations of the provisions of the lease with respect to the necessity for the owners’ consent to sublease or assign the premises. In any event, there was never any compliance with the terms of the lease with respect to the exercise of the option for the lease of the premises commencing in 1976. In fact, the correspondence between the owners’ attorney on the one hand, and Leibe and his attorney on the other hand, makes it clear that they were occupying these premises on a month to month basis in the hope that a longer lease might be negotiated.
There is no evidence in the record to support Leibe’s contention that he was occupying under the terms of the original lease. Aside from the correspondence referred to above, the evidence shows that Leibe began to pay $625 per month rent in February, 1976, which was consistent with correspondence that they were on a month to month basis, and which was altogether inconsistent with the terms of the lease which, if in effect, would have required only $575 per month rent.
We have concluded that Leibe had no lease, he was occupying on a month to month basis, and since the proper notices to vacate were given by the owners the judgment of eviction was in accordance with law and is affirmed.
AFFIRMED.